# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

MICHAEL SHIPLEY, )
)
    Plaintiff, )
)
v. )
) Case No. 11-675-CV-W-FJG
)
INTERSTATE COLLECTIONS UNIT, et al., )
)
    Defendants. )

## ORDER

Currently pending before the Court are several motions filed by plaintiff (Docs. # 3,4,5,11,12,15,16,19 & 21 and a Motion to Dismiss filed by defendants Interstate Collections Unit and Trustee for Child Support Payment. (Doc. # 7).

### I. BACKGROUND

On July 11, 2011, plaintiff filed a Complaint against the Trustee for Child Support Payments, Laura Gibbs[1] and the Interstate Collection Unit. In his Complaint, plaintiff alleges that his civil rights were violated when his child support payments were increased and the Missouri Department of Social Services, Family Support Division moved to enforce the Kansas judgment. Plaintiff appears to be alleging that the cooperative effort between the two states and the sharing of information, while being a collection agent is unlawful. Plaintiff alleges claims of bait and switch fraud, forgery of documents, embezzlement, false billing, identity theft and violation of the Privacy Act. Plaintiff requests that the Court order the State of Missouri, Trustee for Child Support,

---

[1] According to the Journal Entry for Paternity, Laura Gibbs is the mother of plaintiff's minor child. (Exh. 1 to Plaintiff's Complaint).

Family Support Payment Center and the Interstate Collection Unit to cease and desist in all actions against him. He also asks for damages and for the Missouri Offset Program, Missouri Interstate Collection Unit and the Missouri Intercept Program to be declared unconstitutional and /or disallowed for a period of five years or until a judicial review can be conducted.

On May 19, 2003 a Journal Entry for Paternity was entered in the District Court of Johnson County, Kansas, finding that plaintiff was the father of a minor child and that he owed a duty to support the child. The support obligation was set at $160.00 a month. On October 20, 2010, a motion was filed in Johnson County District Court to increase plaintiff's child support. On December 13, 2010, a hearing was held regarding the motion to increase child support. The Judgment Form indicates that the court granted the motion and effective December 1, 2010, the respondent's child support obligation is set in the sum of $270.00 a month. The Judgment Form also indicates the plaintiff was present at the hearing. A copy of the Judgment Form was also mailed to Plaintiff. On December 30, 2010, the Missouri Department of Social Services, Family Support Division received a Child Support Enforcement Transmittal form from the State of Kansas asking the Family Support Division to enforce the Kansas judgment. According to the docket sheet for the Johnson County case[2], it appears that plaintiff filed a Motion to Appeal the District Court's order on January 14, 2011. On April 25, 2011, the Missouri Department of Social Services, Family Support Division, sent plaintiff a notice informing him that pursuant to the Interstate Family Support Act, Mo.Rev.Stat. § 454.946, it

---

[2] See records available at the Johnson County District Court website at: http://www.jococourts.org/civroa.aspx (last visited December 13, 2011).

intended to administratively enforce a support order issued by the District Court of Kansas. The letter informed plaintiff that he owed a monthly support obligation of $270.00 and total past due support of $1,670.95. The letter informed plaintiff of the procedures to follow if he wanted to contest either the validity or administrative enforcement of the order. On July 11, 2010, plaintiff filed his Complaint in this Court naming the Interstate Collection Unit, the Trustee for Child Support Payment and Laura Gibbs. On August 4, 2011, there is a notation of a Notice of Dismissal of Appeal of Hearing Officer's Decision on the Johnson County docket sheet. On September 30, 2011, the docket sheet indicates that plaintiff filed a Notice of Appeal with the Kansas Court of Appeals. On November 30, 2011, the docket sheet indicates that the appeal was dismissed. However, the Kansas Appellate Court docket sheet shows that plaintiff filed a Motion for Rehearing and/or Modification on December 5, 2011.[3] Defendant Interstate Collections Unit and Trustee for Child Support Payment, otherwise known as the Missouri Department of Social Services, Family Support Division has now moved to dismiss plaintiff's Complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6) because it lacks subject matter jurisdiction.

## II. STANDARD

"A court deciding a motion under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual attack.'" Osborn v. United States, 918 F.2d 724,729 n. 6 (8th Cir.1990)(citing Menchaca v. Chrysler Credit Corporation, 613 F.2d 507,511 (5th Cir.1980). In United States v. Wicks, No. Civ. 11-5027-JLV, 2011 WL 5908869 (D.S.D.

---

[3]See records available at the Kansas Court of Appeals website at http://judicial.kscourts.org (last visited December 12, 2011).

Nov. 21, 2011), the Court discussed the differences between the two:

> In a facial attack, the court restricts itself to the face of the pleadings . . . and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6). . . . The general rule is that a complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. . . . In a factual attack, the court considers matters outside the pleadings . . . and the non-moving party does not have the benefit of 12(b)(6) safeguards. . . . When a district court engages in a factual review, it inquires into and resolves factual disputes. . . . Any findings of fact made by the district court are reviewed for clear error. Because at issue in a facutal 12(b)(1) motion is the trial court's jurisdiction-its very power to hear the case-there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.

Id. at * 3 (internal citations and quotations omitted). As the defendants have attached and referenced materials which are outside of the pleadings, the Court will consider defendant's motion to be a factual attack on plaintiff's Complaint.

### III. DEFENDANTS' MOTION TO DISMISS

Defendants argue that plaintiff's Complaint should be dismissed because he lacks standing, his allegations are barred by Eleventh Amendment immunity, the Rooker-Feldman doctrine, the Collateral Estoppel doctrine and also because plaintiff failed to exhaust his administrative remedies. In response, plaintiff argues that defendants have failed under Fed.R.Civ.P. 8 to deny the allegations asserted against them, as a result plaintiff argues that a judgment by default should be entered in his favor. Plaintiff also argues that the defendant Interstate Collection Unit is a collection agency, collecting for profit and is not protected by the Eleventh Amendment. After reviewing the plaintiff's Complaint, the Court finds that it lacks jurisdiction over plaintiff's claims. Because the plaintiff's state court proceedings appear to be currently pending in

4

the Kansas Appellate court, the Court first discusses abstention pursuant to Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The Court will then discuss the Rooker-Feldman doctrine.

**A. Younger Abstention Doctrine**

In King v. Finney, No. 4:11-CV-963 CAS, 2011 WL 4954001, (E.D.Mo. Oct. 18, 2011), the Court stated:

> In Younger v. Harris, 401 U.S. 37, 46 (1971), the Supreme Court directed federal courts to abstain from hearing cases where "the action complained of constitutes the basis of an ongoing state judicial proceeding, the proceedings implicate important state interests, and an adequate opportunity exists in the state proceedings to raise constitutional challenges." Harmon v. City of Kansas City, Mo, 197 F.3d 321, 325 (8th Cir. 1999); see also Fuller v. Ulland, 76 F.3d 957, 959 (8th Cir. 1996).

Id. at *11. In the instant case, it appears that the plaintiff's challenges to his child support payments are on-going, as evidenced by the fact that he recently filed a Motion for Reconsideration with the Kansas Court of Appeals. The Court also finds that Kansas has an important state interest in the enforcement and collection of its child support orders. Adams v. State of Florida, 185 Fed. App'x. 816, 816-17 (11th Cir.2006)("The ability to collect child support payments is an important state interest."). See also, Trendle v. Campbell, No. 4:10CV2210 FRB, 2011 WL 2899118 (E.D.Mo. July 19, 2011)("state of Missouri has a substantial interest in managing its citizens' domestic relations."). The Court also finds that plaintiff would have an adequate opportunity to raise any constitutional challenges in the Kansas appellate courts. Therefore, because the Court finds that all of the elements of the Younger abstention doctrine have been met, the Court finds that it has no jurisdiction over plaintiff's Complaint.

**B. Rooker-Feldman Doctrine**

Alternatively, even if plaintiff's state court proceedings have concluded, the Court would still be prevented from considering plaintiff's Complaint by the Rooker-Feldman doctrine. "The Rooker-Feldman doctrine precludes a litigant who was unsuccessful in state court from seeking reversal of that decision in federal court once the state court litigation is completed." Colassi v. Forrest, No. 11-cv-247-SM, 2011 WL 6010763, *2 (D.N.H. Nov. 8, 2011). In McAllister v. North Carolina, No. 5:10-CV-79-D, 2011 WL 883166 (E.D.N.C. Mar. 11, 2011), the Court explained:

> the Rooker-Feldman doctrine prohibits a "party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." Washington v. Wilmore, 407 F.3d 274, 279 (4th Cir. 2005)(quoting Johnson v. De Grandy, 512 U.S. 997, 1005-06, 114 S.Ct. 2647, 129 S.Ct. L.Ed.2d 775 (1994)). . . . The Rooker-Feldman doctrine encompasses "not only review of adjudications of the state's highest court, but also the decisions of its lower courts." Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 199 (4thCir.2000)(quotation omitted). Rooker-Feldman "reinforces the important principle that review of state-court decisions must be made to the state appellate courts, and eventually to the Supreme Court, not by federal district courts or courts of appeal." Id.(quotation omitted). "The doctrine [also] preserves federalism by ensuring respect for the finality of state court judgments." Washington, 407 F.3d at 279.

Id. at *4. In O'Grady v. Anoka County Board of Commissioners, No. 07-3582 (MJD/SRN), 2008 WL 1808261 (D.Minn. Apr. 21, 2008), aff'd., 333 Fed.Appx. 147 (8th Cir. 2009), the Court further explained the principle:

> [t]he doctrine applies not only to attempts to relitigate in federal court the same claims that were raised in the state-court proceedings, but also to attempts to litigate different claims that are nevertheless "inextricably intertwined" with the state-court judgment. District of Col. Ct. of Appeals v. Feldman, 460 U.S. 462, 482, n.16, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

Id. at * 6. In O'Grady, the plaintiff sought an order vacating various state court orders

6

and also a declaration that the state law underlying the orders was unconstitutional. The Court stated that even though the state court proceedings related to child support and child custody and plaintiff's federal claims alleged violations of 42 U.S.C. § 1983, did not mandate a different result. The Court noted, "[i]n short, even where the state-court action concerned only family law issues, a plaintiff 'may not seek to reverse or modify the state court judgment by bringing a constitutional claim under 42 U.S.C. § 1983' in federal district court." Id. at *8 (quoting Anderson v. State of Colorado, 793 F.2d 262, 263 - 64 (10th Cir.1986).

Similarly, in the instant case, plaintiff has also brought his claims under 42 U.S.C. § 1983, however, in essence he is challenging the Order entered by the Johnson Count District Court which increased the amount of his support payment and is also challenging the enforcement of this Order by the Missouri Department of Support Services. In his Complaint, plaintiff asks this Court to order the State of Missouri CSE, Trustee for Child Support, Family Support Payment Center, Interstate Collection Unit to "cease and desist in all actions against Mr. Shipley in this case or any case related and a letter to that affect." (Plaintiff's Complaint, p. 8). Plaintiff also asks "that the Missouri Tax Offset Program, the Missouri Interstate Collection Unit and the Missouri Intercept Program be declared unconstitutional. And/or disallowed for a period of 5 years or until a Judicial Review can be done by an outside audit, one that is not connected to the programs." (Plaintiff's Complaint, p. 9). Thus, even though plaintiff has restyled his claims as violations of his civil rights pursuant to 42 U.S.C. § 1983, the Court finds that the claims in plaintiff's Complaint are "inextricable intertwined" with his currently pending claims in the Kansas appellate courts related to the modification of the child support

7

payments.

## IV.  CONCLUSION

Accordingly, based on the abstention principles discussed above, the Court finds it lacks jurisdiction over plaintiff's Complaint.  Therefore, the Court hereby **GRANTS** defendant's Motion to Dismiss (Doc. # 7) and hereby **DISMISSES** plaintiff's Complaint. The motions filed by plaintiff are hereby **DENIED AS MOOT** (Docs. # 3, 4, 5, 11, 12, 15 16, 19 & 21).


Date: December 14, 2011            **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri               Fernando J. Gaitan, Jr.
                                              Chief United States District Judge

8

Case 4:11-cv-00675-FJG   Document 26   Filed 12/14/11   Page 8 of 8